Alfred Clayton, Jr.
ABA No. 9111079
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: Al.Clayton@cdlaw.pro

Lawyers for Plaintiff Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>     Plaintiff,<br><br> vs.<br><br>ANDREW HORAZDOVSKY, individually, and as Personal Representative of the ESTATE OF JENNIFER HORAZDOVSKY, and as next friend of RILEY HORAZDOVSKY; ALICE RADEMACHER; ROSE ROBINSON, DARREN BARCE; DOUGLAS BARCE; and BETTY BARCE,<br><br>     Defendants. | Case No. 3:20-cv-00158-HRH |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company, through its lawyers, Clayton & Diemer, LLC complains and alleges as follows:

### I. PARTIES

1. Allstate Insurance Company ("Allstate") is incorporated and has its principal place of business in the State of Illinois. Allstate is authorized to conduct business in the State of Alaska

and has fully complied with all statutory prerequisites for bringing this suit.

2. Upon information and belief, Defendant Andrew Horazdovsky, individually, and as Personal Representative of the Estate of Jennifer Horazdovsky, and as next friend of Riley Horazdovsky, is a resident of the State of Alaska.

3. Upon information and belief, Defendant Alice Rademacher is a resident of the State of Alaska.

4. Upon information and belief, Defendant Rose Robinson is a resident of the State of Alaska.

5. Upon information and belief, Defendant Darren Barce is a resident of the State of Alaska.

6. Upon information and belief, Defendant Douglas Barce is a resident of the State of Alaska.

7. Upon information and belief, Defendant Betty Barce is a resident of the State of Alaska.

## II. JURISDICTION & VENUE

8. This is an action for declaratory judgment and other relief, for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

9. This court has subject matter jurisdiction under 28 U.S.C. §1331(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

## III. GENERAL ALLEGATIONS

11. Allstate issued a Deluxe Homeowners Policy (form AP408), Policy Number 007316404, for the premium period October 8, 2017 through October 8, 2018 to named insureds Douglas and Betty Barce for property located at Flat Lake Island Unit 1 and Unit 2 Lot 1 in Big Lake, Alaska (hereinafter referred to as "Flat Lake Property"). A true and correct copy of the Homeowners Policy is attached hereto as Exhibit 1.

12. Allstate issued a Boatowners Policy (form AU1535 (7/89)), Policy Number 076984013, for the premium period May 16, 2018 through May 16, 2019 to named insureds Doug and Betty Barce covering a 1984 Harris Floatboat, Identification Number HAM34236M81C, and a 1984 Johnson Motor, Identification Number 123 (hereinafter collectively referred to as "Harris Floatboat"). A true and correct copy of the Boatowners Policy is attached hereto as Exhibit 2.

13. Allstate issued a Condominium Owners Policy (form AP411), Policy Number 087928935, to named insured Betty Barce for the premium period June 2, 2018 through June 2, 2019 for property located at 2231 Minerva Way, Anchorage Alaska (hereinafter referred to as "Condo Policy"). A true and correct copy of the Condo Policy is attached hereto as Exhibit 3.

14. At all times relevant to this Complaint for Declaratory Relief, Betty Barce owned the Flat Lake Property. Douglas Barce is Betty Barce's son. Darren Barce is Betty Barce's grandson.

15. On or about June 9, 2018, Darren Barce invited friends, including Reagan Martz ("Martz"), to the Flat Lake Property cabin for the weekend to clear brush.

16. On or about June 9, 2018, Martz was operating a high powered speed boat (hereinafter referred to as the "Martz speedboat") on Flat Lake. The Martz speedboat was designed to pull a wakeboard or water skis, and was owned by Reagan's parents, William and Jane Martz.

The Martz speedboat collided with an inflatable raft occupied by Jennifer Horazdovsky (hereinafter referred to as "the accident"). At the time of the accident, the raft was being towed by a watercraft operated by Andrew Horazdovsky. Jennifer Horazdovsky sustained fatal injuries during the accident.

17. The Harris Floatboat, Identification Number HAM34236M81C, is a pontoon boat. The Harris Floatboat, Identification Number HAM34236M81C, was in dry dock and was not involved in the accident on or about June 9, 2018. The Harris Floatboat is opposite in design, and not comparable to, the Martz speedboat.

18. Reagan Martz was indicted on charges of DUI, assault and manslaughter in Case Number 3PA-18-01003 CR and is awaiting trial.

19. On or about June 4, 2020, Andrew Harazdovsky, individually and as the Personal Representative of the Probate Estate of Jennifer Horazdovsky and as Next Friend to Riley Horazdovsky (Minor), filed a Complaint for damages arising out of the June 9, 2018 watercraft collision against Reagan Martz, William Martz, Jane Martz, Darren Barce, Betty Barce, and Douglas Barce in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-20-6488 CI (hereinafter referred to as "the underlying Complaint"). A true and correct copy of the underlying Complaint is attached hereto as Exhibit 4.

20. The underlying Complaint alleges wrongful death, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, recklessness, and battery and/or assault against Darren, Betty and Douglas Barce (collectively referred to herein as "Barce").

21. On or about May 27, 2020, Allstate agreed to pay the reasonable costs of the defense of the underlying Complaint subject to a full reservation of rights to disclaim any to duty to defend or indemnify Barce.

## IV. CLAIM FOR DECLARATORY RELIEF

22. Allstate incorporates by reference all allegations in paragraphs 1-21.

23. The Allstate Homeowners Policy, Policy Number 007316404, provides that "Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy."

24. The Allstate Homeowners Policy, Policy Number 007316404, defines "you" and "your" as "the person named on the Policy Declarations as the insured and that person's resident spouse." The Homeowners Policy defines "insured person" as "you and, if a resident of **your** household: a) any relative; and b) any dependent person in **your** care." The named insureds on the Policy Declarations are Douglas and Betty Barce.

25. Darren Barce was not a resident of the household of Douglas or Betty Barce at the time of the accident.

26. Darren Barce does not qualify as an "insured person" within the meaning of the Allstate Homeowners Policy, Policy Number 007316404.

27. The Homeowners Policy also defines "insured person" under Coverage X and Coverage Y, in part, as "any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an **insured person**." The watercraft involved in the accident was not owned by Barce.

28. Allstate Homeowners Policy Coverage X Family Liability Protection, Policy Number 007316404, is subject to exclusions from coverage. The claims asserted against Barce in

the underlying Complaint are excluded from coverage pursuant to one or more of the following

Policy exclusions:

1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
    1) such **insured person** lacks the mental capacity to govern his or her conduct;
    2) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
    3) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

. . .

6. **We** do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:
    a) has inboard or inboard-outboard motor power of more than 50 horsepower;
    b) is a sailing vessel 26 feet or more in length;
    c) is powered by one or more outboard motors with more than 25 total horsepower;
    d) is designated as an airboat, air cushion, or similar type of watercraft;
    e) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.

    This exclusion does not apply to **bodily injury** to a **residence employee**.

7. **We** do not cover **bodily injury** or **property damage** arising out of:
    a) the negligent supervision by an **insured person** of any person; or
    b) any liability statutorily imposed on any **insured person** arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motor vehicle or trailer which is not covered under **Section II** of this policy.

29. Allstate Homeowners Policy Coverage Y Guest Medical Protection, Policy

Number 007316404, provides:

> **Coverage Y**
> **Guest Medical Protection**
>
> **Losses We Cover Under Coverage Y:**
> **Allstate** will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing

and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years for the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.

Each person who sustains **bodily injury** is entitled to this protection when that person is:
1. on the **insured premises** with the permission of an **insured person;** or
2. off the **insured premises**, if the **bodily injury**:
   a) arises out of a condition on the **insured premises** or immediately adjoining ways;
   b) is caused by the activities of an **insured person** or a **residence employee**;
   c) is caused by an animal owned by or in the care of an **insured person**; or
   d) is sustained by a **residence employee**.

30. The bodily injuries sustained by Jennifer Horazdovsky in the accident occurred off the insured premises and were not caused by the activities of an insured person.

31. Allstate Homeowners Policy Coverage Y Guest Medical Protection, Policy Number 007316404, is subject to exclusions from coverage. The claims asserted against Barce in the underlying Complaint are excluded from coverage pursuant to one or more of the following Policy exclusions:

> 6. **We** do not cover **bodily injury** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:
>    a) has inboard or inboard-outboard motor power of more than 50 horsepower;
>    b) is a sailing vessel 26 feet or more in length;
>    c) is powered by one or more outboard motors with more than 25 total horsepower;
>    d) is designated as an airboat, air cushion, or similar type of watercraft;
>    e) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.
>
>    This exclusion does not apply to **bodily injury** to a **residence employee**.

7. **We** do not cover **bodily injury** or **property damage** arising out of:
   a) the negligent supervision by an **insured person** of any person; or
   b) any liability statutorily imposed on any **insured person** arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motorized land vehicle or trailer which is not covered under **Section II** of this policy.

32. The Boatowners Policy Section II Coverage AA Watercraft Liability, Policy No. 076984013, provides in relevant part:

> **Losses We Cover:**
> **We** will pay all sums arising from an accidental loss which an **insured person** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** resulting from the ownership, maintenance, or use of covered **watercraft, boat equipment** or boat trailers.

33. The Boatowners Policy, Policy No. 076984013, Amendatory Endorsement AU1786 amends **Losses We Cover** in **Section II – Coverage CC Watercraft Medical Payments** as follows:

> **Losses We Cover**
> **We** will pay the reasonable expenses incurred by an **Insured person** or guest(s) for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must have resulted from the ownership, maintenance or use of covered **watercraft**, **boat equipment** or boat trailers by an **insured person**.

34. The Boatowners Policy, Policy No. 076984013, includes the following definitions:

> 1. "**You**" or "**Your**" – means the person named on the declarations page as the insured and that person's resident spouse.
>
> 3. "**Insured person**" - means **you** and, if a resident of **your** household:
> a) any relative; and
> b) any dependent person in **your** care.
>
> Under **Watercraft Liability** coverage and the **Watercraft Medical Payments** coverage, "**Insured person**" also means:

COMPLAINT FOR DECLARATORY JUDGMENT        *Allstate v. Horazdovsky, et al.*
Page 8 of 14                                Case No. 3:20-cv-00158 HRH

Case 3:20-cv-00158-HRH   Document 1   Filed 06/29/20   Page 8 of 14

c) any other person or organization using **watercraft** with **your** permission.
d) any other person or organization liable for the use of **watercraft** by one of the above **Insured persons**.

4. **"Boat"** – means **your** boat described on the declarations page and its permanently attached equipment.

10. **"Non-owned watercraft"** – means property of similar size and type as **your watercraft**, used with the owner's permission, and not owned by or furnished for the regular use of an **insured person**.

11. **"Temporary substitute watercraft"**- means property of similar size and type as **your watercraft**, not owned by an **insured person** or a resident of **your** household, while being temporarily used because **your watercraft**:
    a) is being serviced or repaired; or
    b) has been stolen or destroyed.

13. "**Watercraft**" means:
    a) **your watercraft;**
    b) **temporary substitute watercraft**; and
    c) **non-owned watercraft**.

14. **"Your watercraft"** means:
    a) the **boats** and **motors** described on the declarations page; and
    b) **newly acquired watercraft**.

35. The named insureds on the Boatowners Policy Declarations are Douglas and Betty Barce.

36. Darren Barce was not a resident of the household of Douglas or Betty Barce at the time of the accident.

37. Darren Barce does not qualify as an "insured person" within the meaning of the Allstate Boatowners Policy, Policy Number 076984013.

38. The bodily injury sustained by Jennifer Horazdovsky in the accident did not result from the ownership, maintenance, or use of covered watercraft, boat equipment or boat trailers.

49. The Allstate Boatowners Policy, Policy Number 076984013, is subject to exclusions from coverage. The claims asserted against the Barce family in the underlying Complaint are excluded from coverage pursuant to one or more of the following Policy exclusions:

> **Losses We Do Not Cover**:
> 1. **We** do not cover any **bodily injury** or **property damage**:
>    a) which may reasonably be expected to result from the intentional or criminal acts of an **insured person** or which are in fact intended by an **insured person.**

40. The Allstate Condo Policy, Policy Number 087928935, provides that "Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy."

41. The Allstate Condo Policy, Policy Number 087928935, defines "you" and "your" as "the person named on the Policy Declarations as the insured and that person's resident spouse." The Condo Policy defines "insured person" as "you and, if a resident of **your** household: a) any relative; and b) any dependent person in **your** care." The named insured on the Policy Declarations is Betty Barce.

42. Darren Barce and Douglas Barce were not residents of the household of Betty Barce at the time of the accident.

43. Darren Barce and Douglas Barce do not qualify as an "insured person" within the meaning of the Allstate Condo Policy, Policy Number 087928935.

44. The Condo Policy also defines "insured person" under Coverage X and Coverage Y, in part, as "any person or organization legally responsible for loss caused by animals or

watercraft covered by this policy which are owned by an **insured person**." The watercraft involved in the accident was not owned by Barce, and was not a watercraft covered by the Condo Policy.

45. Allstate Condo Policy Coverage X Family Liability Protection, Policy Number 087928935, is subject to exclusions from coverage. The claims asserted against Barce in the underlying Complaint are excluded from coverage pursuant to one or more of the following Policy exclusions:

> 2. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
>    c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> . . .
>
> 6. **We** do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:
>    a) has inboard or inboard-outboard motor power of more than 50 horsepower;
>    b) is a sailing vessel 26 feet or more in length;
>    c) is powered by one or more outboard motors with more than 25 total horsepower;
>    d) is designated as an airboat, air cushion, or similar type of watercraft;
>    e) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.
>
>    This exclusion does not apply to **bodily injury** to a **residence employee**.
>
> 7. **We** do not cover **bodily injury** or **property damage** arising out of:
>    a) the negligent supervision by an **insured person** of any person; or
>    b) any liability statutorily imposed on any **insured person** arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motor vehicle or trailer which is not covered under **Section II** of this policy.

46. Allstate Condo Policy Coverage Y Guest Medical Protection, Policy Number 087928935, provides:

> **Losses We Cover Under Coverage Y:**
> **Allstate** will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years for the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.
>
> Each person who sustains **bodily injury** is entitled to this protection when that person is:
> 1. on the **insured premises** with the permission of an **insured person;** or
> 2. off the **insured premises**, if the **bodily injury**:
>    a) arises out of a condition on the **insured premises** or immediately adjoining ways;
>    b) is caused by the activities of an **insured person** or a **residence employee**;
>    c) is caused by an animal owned by or in the care of an **insured person**; or
>    d) is sustained by a **residence employee**.

47. The bodily injuries sustained by Jennifer Horazdovsky in the accident occurred off the insured premises and were not caused by the activities of an insured person.

48. Allstate Condo Policy Coverage Y Guest Medical Protection, Policy Number 087928935, is subject to exclusions from coverage. The claims asserted against Barce in the underlying Complaint are excluded from coverage pursuant to one or more of the following Policy exclusions:

> 1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
>    c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

COMPLAINT FOR DECLARATORY JUDGMENT  *Allstate v. Horazdovsky, et al.*
Page 12 of 14  Case No. 3:20-cv-00158 HRH

Case 3:20-cv-00158-HRH   Document 1   Filed 06/29/20   Page 12 of 14

6. **We** do not cover **bodily injury** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:

   has inboard or inboard-outboard motor power of more than 50 horsepower;
   a) is a sailing vessel 26 feet or more in length;
   b) is powered by one or more outboard motors with more than 25 total horsepower;
   c) is designated as an airboat, air cushion, or similar type of watercraft;
   d) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.

   This exclusion does not apply to **bodily injury** to a **residence employee**.

7. **We** do not cover **bodily injury** or **property damage** arising out of:
   a) the negligent supervision by an **insured person** of any person; or
   b) any liability statutorily imposed on any **insured person** arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motorized land vehicle or trailer which is not covered under **Section II** of this policy.

49. Allstate is entitled to a declaration that the claims asserted against Barce in the underlying Complaint attached hereto as Exhibit 4 are not covered under the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy.

50. Allstate is entitled to a declaration that Allstate has no duty under the terms of the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy to defend Barce against the claims asserted in the underlying Complaint attached hereto as Exhibit 4.

51. Allstate is entitled to a declaration that Allstate has no duty under the terms of the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy to indemnify Barce for any sums they become legally obligated to pay Andrew Horazdovsky in the underlying Complaint attached hereto as Exhibit 4.

WHEREFORE, Plaintiff prays for relief as follows:

1.　For judgment declaring that the claims asserted against Barce in the underlying Complaint attached hereto as Exhibit 4 are not covered under the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy;

2.　For judgment declaring that Allstate has no duty under the terms of the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy to defend Barce against the claims asserted in the underlying Complaint attached hereto as Exhibit 4.

3.　For judgment declaring that Allstate has no duty under the terms of the Allstate Homeowners Policy, the Allstate Boatowners Policy, or the Allstate Condo Policy to indemnify Barce for any sums they become legally obligated to pay Andrew Horazdovsky in the underlying Complaint attached hereto as Exhibit 4.

4.　For such other relief as the Court deems just and proper.

DATED at Anchorage, Alaska this 29th day of June, 2020.

CLAYTON & DIEMER, LLC
Attorneys for Plaintiff

By: */s/ Alfred Clayton, Jr.*
Alfred Clayton, Jr.
ABA No. 9111079